## WILLIAM H. LEONARD, APPELLANT, *v.* JAMES E. SPENCER AND OTHERS, RESPONDENTS.

*Nuisance — right of a landowner, specially injured by it, to bring an action to have a nuisance caused by a pond abated — when he may do so, although his land is expressly subject to the right of another to retain the pond thereon.*

Where a pond, maintained by the defendant for manufacturing purposes upon lands belonging to the plaintiff, and which adjoins other lands belonging to him, is a common nuisance and especially injurious to the plaintiff, he may bring an action to have the pond removed and the defendant restrained from restoring it, even though by the terms of the deed, by which the lands were conveyed to the defendant by a former owner of the lands of both plaintiff and defendant, a right to maintain and use the pond is expressly reserved to the defendant.

APPEAL from a judgment in favor of the defendants dismissing the complaint upon the merits, entered at Special Term.

The action was brought by the plaintiff for the destruction and abatement of a dam which restrains the waters of the pond, known as Kirby pond, situated in Bedford and New Castle, Westchester county, and for a perpetual injunction restraining the defendants from rebuilding or renewing said dam.

From the proofs adduced upon the trial it appeared that in the year 1866 plaintiff became, and ever since has been, the owner of about eighty acres of land, upon which is his dwelling-house, situated in Bedford, in said Westchester county, and that about seven years later, and after the defendant's grantors had acquired a right of possession and entered therein under a certain conveyance hereinafter set forth, he became, and ever since has been, the owner of about seventy-four acres of land, partly adjoining the first mentioned tract. The said last named tract of land is nearly covered by a pond of water, now and for many years known as "Kirby's Pond," caused by an artificial dam constructed about thirty years ago, which dam obstructs and prevents to a certain extent the natural flow of the water over the entire parcel of ground covered by said pond, and thereby raises the water brought upon the said parcel of ground, by divers springs and streams, to a heighth sufficient to cause it to cover the lands above mentioned and submerge the same; that since February 1, 1864, and long prior thereto, there has been another dam supporting and maintaining a small pond of water by collecting and restraining the water from the said Kirby pond, situated about 800 feet below the said Kirby pond, which is used to carry a water-wheel and machinery for manufacturing purposes; that on or about the 1st day of February, 1864, by deed dated on that day, Jane Kirby and Leonard Kirby (being then the owners in fee of the lands now covered by said Kirby pond and owned by the plaintiff, and also of the lands owned by the defendants James E. Spencer and John S. Spencer, and leased by them to the defendant, the Spencer Optical Manufacturing Company), conveyed to Catherine H. Halstead and Patience Ann Halstead the part of such lands below the said Kirby pond, now owned by the defendants Spencer, including said last mentioned dam, and the right to the use of the waters in said small pond; that said deed

contained the following covenant, with others, to wit: "Also the right to the said party of the second part, her heirs and assigns, forever, in common with Jane Kirby, her heirs and assigns, forever, to the use of the waters of the large pond, known as the Kirby Mill pond, with access at all times for both parties to the gates to turn the water on and off. The water to be used only during the regular working days and in the regular working hours, that is, eleven hours during each day of twenty-four hours; and it is hereby expressly covenanted and agreed by and between the respective parties to these presents, and their heirs and assigns, respectively, that neither party to these presents hath or shall have, nor shall their heirs and assigns, respectively, have any right to use the water in the said large pond when it falls below four feet from the top of the mill-dam; but whenever the water shall be running over the said mill-dam either party may use the water so long as it runs over the dam for so many hours a day as they wish. It is also mutually agreed that the small pond near the dwelling-house of Cornelia Geer, formerly of Jane Kirby, is to be kept full of water; that the upper and lower dam shall be kept always in order, and the expense therefor shall be borne equally, one-half thereof by the said Jane Kirby, her heirs and assigns, and one-half thereof by the said party of the second part to these presents, her heirs and assigns;" that the plaintiff received by *mesne* conveyances from the said Jane Kirby and Leonard Kirby, and now holds title to and ownership of the lands covered by said Kirby's pond, subject, however, to all the covenants aforesaid, and to all the easements in and over the same in said deed conveyed to said Catherine H. Halstead and Patience A. Halstead, and that in the autumn of 1873 the said Catherine H. Halstead and Isaac Halstead, her husband, and the said Patience A. Halstead, conveyed to the defendants, James E. Spencer and John S. Spencer, the lands now held and owned by them, with all the privileges, rights, estates and easements in and to the lands now of the plaintiff, covered by said Kirby's pond, which were granted or conveyed to said Catherine H. Halstead and Patience A. Halstead by said Jane and Leonard Kirby as aforesaid.

The court found, among other things, that the pond was a special injury to the premises and residence of the plaintiff, depreciating their value and rendering their occupation as a residence hazardous,

and that the said pond was a nuisance. He held, however, that the covenants and agreements contained in the said deeds estopped the plaintiff from maintaining this action against the defendants.

*Odle Close*, for the appellant.

*Martin J. Keogh*, for the respondents.

BARNARD, P. J.:

Under the findings made by the court below the question presented by the appeal is one of law only. The defendant keeps and maintains a pond which is a common nuisance and specially injurious to the plaintiff. There would be no doubt as to the case being within the cognizance of a court of equity, but the plaintiff owns the fee of the pond, subject to the right of ponding, expressly by reservation in his deed. We do not think that this dormant estate of ponding carries with it the right to create or maintain a nuisance. When the deed was taken no doubt the pond was pure and inoffensive. It has now become so filled with the wash of fields and ditches therefrom as to be dangerous to health and destructive of all enjoyment of life to the inhabitants living in the vicinity. Such a state of things could not be anticipated when the deed was taken. The subject estate is not therefore concluded by the pond as it is found to be. There is no estoppel in the fact that the plaintiff owned stock or had an interest in the company which created or which maintained the pond. There is no inconsistency even in being a stockholder in a corporation and maintaining an action against it for creating a nuisance.

The plaintiff is entitled to judgment, without costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed, and judgment for plaintiff upon findings.